# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| PRIME ROCK ENERGY CAPITAL, LLC, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. N17C-04-066 VLM |
| v. | ) ) ) | |
| VAQUERO OPERATIONS, LTD., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Submitted: September 11, 2017
Decided: October 26, 2017

*Upon Consideration of Defendant's Motion to Dismiss,* **DENIED.**

Seth A. Niederman, Esquire, and Courtney A. Emerson, Esquire, of Fox Rothschild, LLP, of Wilmington, Delaware. *Attorneys for Plaintiff.*

Matthew L. Miller, Esquire, Kevin G. Abrams, Esquire, John M. Seaman, Esquire, and E. Wade Houston, Esquire, of Abrams & Bayliss, LLP, of Wilmington, Delaware. *Attorneys for the Defendant.*

**MEDINILLA, J.**

## INTRODUCTION

This is a dispute concerning the sale of mineral rights of a property located in Texas, wherein Plaintiff seeks to recover deposit monies from failed contract transactions between the parties. Specifically, Plaintiff Prime Rock Energy Capital, LLC ("Plaintiff") filed suit in Delaware against Defendant Vaquero Operations, Ltd. ("Defendant") for breaches of contracts, *quantum meruit, quantum valebant*, unjust enrichment, negligent and/or fraudulent inducement, negligent and/or fraudulent misrepresentation, and violation of the Delaware Securities Act. Defendant moves to dismiss under Superior Court Civil Rule 12(b) on the basis of lack of personal jurisdiction, failure to state a claim, the doctrine of *forum non conveniens*, and, alternatively, for a stay of action. After consideration of the parties' briefings and oral arguments, for the reasons stated below, Defendant Vaquero Operations, Ltd.'s Motion to Dismiss is **DENIED**.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a Delaware limited liability company.[1] In September of 2016, Plaintiff entered into a brokerage agreement ("Brokerage Agreement") with Case Energy Partners, LLC ("Case Energy"), a Texas limited liability company. The Brokerage Agreement provided that Case Energy would identify and purchase mineral rights for the benefit of Plaintiff. Under the Brokerage Agreement, Plaintiff

---

[1] Compl. ¶ 1.

had the opportunity to exercise a right of first refusal to purchase any mineral rights acquired by Case Energy.[2]

In October of 2016, CEP Minerals, LLC ("CEP"), a Delaware limited liability company and affiliate of Case Energy, entered into a Purchase and Sale Agreement ("PSA") with Defendant, concerning the oil, gas, and other mineral rights located on approximately 507 acres in Glassrock County, Texas.[3] Plaintiff exercised its right of first refusal under the Brokerage Agreement to purchase Case Energy's interest in the property.[4]

CEP made a deposit of $130,000 towards the purchase of the property, pursuant to Paragraph 3 of the PSA. The PSA also detailed a title review phase prior to the specified closing date.[5] During the title review period, Plaintiff claims that numerous title issues arose regarding the property. As such, the parties agreed to extend the closing date to December 20, 2016, in exchange for a $100,000 increase in the purchase price and an additional deposit of $100,000.[6] After the additional deposit was made, CEP advised Defendant that a 128-acre portion of the property,

---

[2] *Id.* ¶¶ 5–6.

[3] *Id.* ¶ 7.

[4] *Id.* ¶ 8.

[5] PSA ¶¶ 4, 6–7.

[6] Compl. ¶¶ 15–16.

3

referenced by the parties as the "Cox Tract," violated the conditions of the PSA. Defendant subsequently terminated the PSA on December 20, 2016.[7]

On December 22, 2016, the parties executed a second contract, known as the Indication of Interest ("IOI"). Under the terms of the IOI, Plaintiff would directly purchase the mineral rights in the property. Plaintiff deposited an additional $50,000 to the already-existing $230,000 deposit, bringing the total to $280,000.[8] The deposits were to be credited towards the purchase price at closing, with the difference for a lower purchase price returned to Plaintiff.[9]

Key to this dispute, the IOI contains a choice of law and forum selection clause. Paragraph 9 of the IOI states:

> This letter shall be governed and construed under the laws of the State of Delaware and the parties hereto agree that any action or claim pursuant to this letter shall be brought in the state courts (or federal courts if appropriate jurisdiction exists) sitting in Wilmington, Delaware.[10]

Plaintiff made an offer to purchase 289.4 acres on January 17, 2017, with a closing date of January 30, 2017. The Cox Tract and an additional 90 acres were omitted from the offer, per the terms of the IOI.[11] On January 29, 2017, Plaintiff

---

[7] *Id.* ¶¶ 17–18.

[8] *Id.* ¶¶ 22–23.

[9] *Id.* ¶ 23.

[10] IOI ¶ 9.

[11] Compl. ¶¶ 24–25; IOI ¶ 4.

4

provided Defendant with a "Settlement Statement," detailing the terms of the transaction. On January 30, the date of closing, Defendant rejected the terms of the Settlement Statement and, again, terminated the agreement; this time the IOI.[12] None of the deposit monies have been returned to Plaintiff or to CEP.[13]

Plaintiff filed this action on April 6, 2017, seeking a return of the deposit monies and has asserted seven counts: (1) breach of the PSA;[14] (2) breach of the IOI;[15] (3) *quantum meruit/quantum valebant*;[16] (4) unjust enrichment;[17] (5) negligent and/or fraudulent inducement;[18] (6) negligent and/or fraudulent misrepresentation;[19] and (7) violation of the Delaware Securities Act.[20] Defendant filed this Motion to Dismiss on July 7, 2017 and its opening brief on July 24, 2017. Defendant filed for dismissal under Superior Court Civil Rules 12(b)(2), 12(b)(3) based on the doctrine

---

[12] Compl. ¶¶ 27–28.

[13] CEP has assigned its rights to enforce the PSA to Plaintiff.

[14] Compl. ¶¶ 30–34.

[15] *Id.* ¶¶ 35–40.

[16] *Id.* ¶¶ 41–42.

[17] *Id.* ¶¶ 43–46.

[18] *Id.* ¶¶ 47–51.

[19] *Id.* ¶¶ 52–58.

[20] *Id.* ¶¶ 59–64.

of *forum non conveniens*, 12(b)(5),[21] and 12(b)(6). Alternatively, Defendant seeks a stay. Plaintiff filed its Answering Brief in Opposition to Defendant's Motion to Dismiss and Stay on August 11, 2017 and Defendant filed its Reply Brief on August 25, 2017. A hearing was held on September 11, 2017. The matter is ripe for review.

## 12(b)(2) ANALYSIS

### *Standard of Review*

On a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(2) for lack of personal jurisdiction over a defendant, the plaintiff "bear[s] the burden to articulate a non-frivolous basis for this court's assertion of jurisdiction."[22] Although the factual record is read in the light most favorable to the plaintiff in ruling on the motion, "the plaintiff must plead specific facts and cannot rely on mere conclusory assertions."[23] "A court cannot grant a motion under Rule 12(b)(2) simply by accepting the well pleaded allegations of the complaint as true, because the pleader

---

[21] Defendant's request for dismissal under Rule 12(b)(5) for insufficient service of process is not addressed by this Court because Defendant has withdrawn this argument. *See* Def.'s Opening Br. at 9 (acknowledging that Plaintiff has filed an affidavit pursuant to Superior Court Civil Rule 4(h) and thus perfected service).

[22] *IM2 Merch. & Mfg., Inc. v. Tirex Corp.*, 2000 WL 1664168, at *4 (Del. Ch. Nov. 2, 2000) (citing *Hart Holding Co. Inc. v. Drexel Burnham Lambert Inc.*, 593 A.2d 535, 539 (Del. Ch. 1991)). *See also In re Asbestos Litig. (Anderson)*, 2015 WL 556434, at *3 (Del. Super. Jan. 30, 2015); *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1154 (Del. Super. 1997), *aff'd*, 707 A.2d 765 (Del. 1998); *Greenly v. Davis*, 486 A.2d 669, 670 (Del. 1984); *Harmon v. Eudaily*, 407 A.2d 232, 233 (Del. Super. 1979), *aff'd*, 420 A.2d 1175 (Del. 1980).

[23] *Mobile Diagnostic Grp. Holdings, LLC v. Suer*, 972 A.2d 799, 802 (Del. Ch. 2009).

6

has no obligation to plead facts that show the amenability of the defendant to service of process."[24] The plaintiff can satisfy his or her burden on a Rule 12(b)(2) motion "by making a *prima facie* showing that jurisdiction is conferred by statute" or is otherwise conferred.[25]

### Discussion

Delaware has long recognized that forum selection clauses in freely negotiated contracts subject the parties to personal jurisdiction.[26] In order to escape such a clause, parties must meet a heavy burden of proof in showing that the clause is unreasonable or otherwise the product of fraud, undue influence, or uneven bargaining power.[27] However, forum selection clauses "almost always involve parties being subject to personal jurisdiction in the chosen forum over a particular class of claims—that is, they involve consent to specific jurisdiction as to the claims outlined in the agreement."[28]

---

[24] *Hart Holding Co.*, 593 A.2d at 538.

[25] *McKamey v. Vander Houten*, 744 A.2d 529, 531 (Del. Super. 1999).

[26] *See Genuine Part Co. v. Cepec*, 137 A.3d 123, 148 (Del. 2016) (describing freely negotiated forum selection clauses as a "traditional avenue of consent to personal jurisdiction"); *Alstom Power Inc. v. Duke/Fluor Daniel Caribbean S.E.*, 2005 WL 407206, at *2 (Del. Super. Ct. Jan. 31, 2005) (finding that it is "well settled" that parties may consent to personal jurisdiction, such as through forum selection clauses) (quoting *Res. Ventures, Inc. v. Res. Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 431 (D. Del. 1999)).

[27] *Id.* at 148, n.128; *Hornberger Mgmt. Co. v. Haws & Tingle General Contractors, Inc.*, 768 A.2d 983, 987 (Del. Super. 2000).

[28] *Cepec*, 137 A.3d at 148.

7

This Court find that Plaintiff has made a *prima facie* showing that the exercise of personal jurisdiction over Defendant Vaquero is appropriate. The IOI contains a forum selection clause and choice of law clause expressly selecting not only Delaware, but New Castle County as indicated by the naming of Wilmington as the city of choice. Defendant argues that the forum selection and choice of law clauses apply only to disputes or deposits made under the IOI and not to the deposits made under the PSA, even though the record reflects that the IOI references a sum total to include the PSA deposits previously made.[29]

Defendant further asserts that the forum selection and choice of law clauses only apply to specific provisions within the IOI. Perhaps this argument might be successfully argued on another day. However, Paragraph 9 of the IOI does not expressly limit the contract provisions as Defendant wishes the Court to interpret them today. Rather, it indicates that "[t]his letter," or the IOI in its entirety, is to be governed by Delaware law. Paragraph 9 also states that any claims arising from "this letter" will be brought in Wilmington, Delaware. Thus—at least on its face—the forum selection and choice of law provisions appear to extend personal jurisdiction over the full amount in dispute. It is not appropriate at this juncture in the proceedings to delve further into what the parties contemplated. Where Defendant has not satisfied the heavy burden of showing that the forum selection

---

[29] IOI ¶ 6.

8

clause is unreasonable or otherwise the product of fraud, undue influence, or uneven bargaining power, dismissal of this matter based on lack of personal jurisdiction is not warranted.

## FORUM NON CONVENIENS ANALYSIS

### *Standard of Review*

*Forum non conveniens* ("FNC") is a common law, judicially created doctrine; it allows courts to exert some control over a foreign plaintiff's access to our forum.[30] The decision of whether to grant dismissal under this doctrine lies within the trial court's sound discretion.[31] Under Delaware law, the Court may dismiss a complaint under FNC if the moving defendant demonstrates that it would face "overwhelming hardship" if required to defend itself in this forum.[32] Albeit stringent, the overwhelming hardship standard is not preclusive.[33] Thus, "the Court should not base its conclusion on whether it is more difficult to litigate in Delaware than in another jurisdiction, for the premise of [FNC] is whether the defendant would face

---

[30] *Ison v. E.I. DuPont de Nemours & Co., Inc.*, 729 A.2d 832, 840 (Del. 1999).

[31] *Cryo-Maid, Inc.*, 198 A.2d at 684; *Williams Gas Supply Co. v. Apache Corp.*, 594 A.2d 34, 37 (Del. 1991); *Warburg, Pincus Ventures, L.P. v. Schrapper*, 774 A.2d 264, 269 (Del. 2001); *Martinez v. E.I. DuPont De Nemours & Co., Inc.*, 86 A.3d 1102, 1104 (Del. 2014), *as revised* (Mar. 4, 2014).

[32] *Chrysler First Bus. Credit Corp. v. 1500 Locust Ltd. P'ship*, 669 A.2d 104, 107 (Del. 1995); *Ison*, 729 A.2d at 835.

[33] *Martinez*, 86 A.3d at 1105.

9

overwhelming hardship in a Delaware forum."[34] Moreover, "[a]n action may not be dismissed upon bare allegations of inconvenience without a particularized showing" of how the defendant would suffer overwhelming hardship.[35]

### Discussion

Defendant has not argued nor made a particularized showing of overwhelming hardship. Instead, Defendant's arguments merely raise tepid allegations of inconvenience for having to litigate in Delaware. Therefore, this Court cannot analyze this issue as extensively as guided by the *Cryo-Maid* factors or under *Martinez v. E.I. DuPont de Nemours & Co., Inc.*.[36] Dismissal of this matter based on *forum non conveniens* is, therefore, also not appropriate.

In the alternative, Defendant has moved for a stay of litigation in Delaware while the newly-filed litigation in Texas proceeds. Plaintiff filed the current litigation in Delaware on April 6, 2017. Defendant did not file the competing litigation in Texas until four months later on August 10, 2017. Courts have indicated

---

[34] *VTB Bank v. Navitron Proj. Corp.*, 2014 WL 1691250, at *7 (Del. Ch. Apr. 28, 2014) (citing *Mar-Land Indus. Contractors, Inc. v. Caribbean Petroleum Ref., L.P.*, 777 A.2d 774, 781 (Del. 2001)).

[35] *Taylor v. LSI Logic Corp.*, 689 A.2d 1196, 1199 (Del. 1997).

[36] *Martinez*, 86 A.3d at 1104 (outlining *Cryo-Maid* factors). Generally "a defendant must meet the high burden of showing that the traditional *forum non conveniens* factors weigh so heavily that the defendant will face 'overwhelming hardship' if the lawsuit proceeds in Delaware." (citations omitted). *Id.*

10

that Defendant's burden for a stay is a "lesser one" than for dismissal,[37] but Defendant still has not shown why the Court should deviate from its strong preference towards litigation in the forum where the action was first filed. Defendant cites *HFTP Investments, LLC v. Ariad Pharmaceuticals, Inc.* in support of its position. Reliance on this authority is misplaced. Here, there was no race to the courthouse.[38] This Court gives preference to the current first-filed litigation and a stay of this matter is denied.

## 12(b)(6) ANALYSIS

### *Standard of Review*

For purposes of a motion to dismiss for failure to state a claim under Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true.[39] Because even vague allegations are considered well-pleaded if they give the opposing party notice of a claim,[40] "a complaint may not be dismissed

---

[37] *HFTP Invs., LLC v. ARIAD Pharms., Inc.*, 752 A.2d 115, 121 (Del. Ch. 1999) (quoting *Life Assurance Co. of Pa. v. Associated Inv'rs Int'l Corp.*, 312 A.2d 337, 340 (Del. Ch. 1973)).

[38] *HFTP Invs.*, 752 A.2d at 121 (holding that a moving party need only show that the *forum non conveniens* factors weigh in favor of granting stay *if neither action is deemed first-filed*) (emphasis added).

[39] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

[40] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d 162, 168 (Del. 2006) (quoting *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).

for failure to state a claim upon which relief can be granted if it gives general notice as to the nature of the claim asserted against the defendant."[41]

In deciding a motion to dismiss under Rule 12(b)(6), the Court must draw all reasonable inferences in favor of the non-moving party;[42] however, it will not "accept conclusory allegations unsupported by specific facts," nor will it "draw unreasonable inferences in favor of the non-moving party."[43] Dismissal of a complaint under Rule 12(b)(6) must be denied if the plaintiff could recover under "any reasonably conceivable set of circumstances susceptible of proof under the complaint."[44] Dismissal may only be granted if it appears to a certainty that under no set of facts that could be proved to support the claim asserted would the plaintiff be entitled to relief.[45]

### Discussion

Under 12(b)(6), with all reasonable inferences drawn in favor of Plaintiff, Plaintiff has presented well-pleaded allegations to survive a motion to dismiss. Specifically, Plaintiff has identified several provisions of the PSA and the IOI that

---

[41] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970).

[42] *In re Gen. Motors (Hughes) S'holder Litig.*, 897 A.2d at 168.

[43] *Price v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) (citation omitted).

[44] *Spence*, 396 A.2d at 968 (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952)).

[45] *Klein*, 94 A.2d at 391 (Del. 1952).

form the bases of alleged breaches in Counts 1 and 2. Plaintiff further alleges both breaches of contracts and, in the alternative, raises claims that are quasi-contractual in nature. Plaintiff asks this Court to rule that provisions of the agreements in question are unenforceable or not binding. Any such determination is inappropriate at this stage of the proceedings. Further, the allegations of fraud in Counts 5 and 6 are pleaded with particularity and provide Defendant adequate notice of Plaintiff's claims. Thus, this Court find that dismissal under 12(b)(6) is not appropriate.[46]

## CONCLUSION

Plaintiff has met its burden of showing a *prima facie* basis for personal jurisdiction. Under the doctrine of *forum non conveniens*, Defendant fails to raise or demonstrate that it would suffer overwhelming hardship if forced to litigate this matter in Delaware. Defendant has also not provided this Court with a sufficient basis to warrant a stay. Finally, Plaintiff has put forth sufficient allegations to satisfy the pleading requirements. For the reasons stated, Defendant Vaquero Operations, Ltd.'s Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

Judge Vivian L. Medinilla

---

[46] As to Count 7, Plaintiff argues that the mineral rights in the PSA and the IOI are "securities" for purposes of the Delaware Securities Act. At this time, the Court chooses not to determine whether the mineral rights from the PSA or IOI constitute a "security" for purposes of the Act. The Court expects further development of the record regarding this claim.

13

oc:    Prothonotary

cc:    All Counsel on Record (via e-filing)